THOMAS McKNIGHT *v.* C. CONNELL and PARKER, Sheriff.

Where a cause has been previously put at issue, and the object of filing interrogatories is simply to procure proof, and not to bring the party into court, the consent to a continuance by defendant, and the declaration of plaintiff's counsel that he will amend his petition and propound interrogatories accordingly, is not an agreement that binds the party to amend, if he subsequently finds that he has sufficient proof without, he is not bound by such consent to propound interrogatories in order to be permitted to obtain judgment.

In such a case the want of service of the interrogatories is not one of those vices of form which give rise to the action of nullity.

A party acting in good faith cannot be deprived of a judgment on such grounds.

A deputy Sheriff who has not made the service of a petition and citation, or other proceeding, has no authority to make the return.

APPEAL from the Fifth District Court of New Orleans, *Eggleston, J.*
*Benjamin, Bradford & Finney,* for plaintiff.   *Collens & Woolridge,* for defendants and appellants.

MERRICK, C. J.   This suit is brought to annul a judgment obtained by the defendant *Connell* v. *McKnight,* the plaintiff, and injoin the execution. The judgment of the lower court was in favor of the plaintiff annulling the judgment.

The original action was commenced the 17th of April, 1855, against *Thomas Hunt,* and the plaintiff, *McKnight,* by personal service upon both.  On an exception taken by *McKnight,* the suit was dismissed as to *Hunt.*

The defendant, *McKnight,* filed for answer a general denial the 28th of January. 1857.

On the 17th day of June, 1857, the case came up for trial, and some evidence having been taken, the case was continued for further evidence in order that the plaintiff might file the interrogatories propounded to the defendant, and the attorney for the plaintiff then stated that he would file an amended petition and propound interrogatories accordingly.

The attorney for *Connell* two days afterwards filed his interrogatories on facts and articles, and obtained the order of the Judge upon the plaintiff to answer. The interrogatories and citation were placed in the hands of the Sheriff the same day, June 19th, 1857, and they were returned personally served on *McKnight,* the 8th day of July following.

In November, the interrogatories on facts and articles were taken *pro confessis,* and the case, after having been regularly called, fixed for trial, and posted up during two weeks agreeably to the rules of the court, for the 17th day of December, 1857, was tried that day; the names of the counsel for both parties being also posted up, they were sent for on the day of trial.

*Connell's* counsel was present, the defendant's counsel were absent. Judgment was rendered upon the interrogatories taken as confessed, and the proof in favor of *Connell* for $337 80 and interest.

The Sheriff's return to the interrogatories, purports to have been made by *Wm. H. Wilson,* deputy Sheriff, who certifies that *McKnight* was personally served.

Another deputy Sheriff was placed upon the stand on the trial as a witness in this case, who testified without objection, that he was the person who made the service of the interrogatories and citation, and that the return was not correct; that he did not make the service upon *Mr. McKnight* personally, but that having been at *McKnight's* house almost daily for about fifteen days, he found a white person on the premises, and delivered the interrogatories to him.  A son-in-law

of plaintiff testifies that the plaintiff was absent at the time on official business <span style="float:right">McKNIGHT<br>v.<br>McCONNELL.</span> in Arkankas, and that he, the witness, resided in the house at that time, but he has no recollection of having received the interrogatories, and thinks he should have remembered the fact if he had.

The plaintiff having thus shown the falsity of the Sheriff's return, and that there was no personal service. contends that he has brought his case within the rule laid down in 3 An. p. 647, and " has exhibited matter which makes it against good conscience to execute the judgment,—matter of which the injured party could not have availed himself in the former litigation," having been prevented from availing himself of his just defence by the false return of the Sheriff, inasmuch as by the agreement of *Connell* to propound interrogatories to the plaintiff, the latter had the right to rely upon the service of the same as a further notice of *Connell's* intention to proceed to the trial of the case.

It appears to us, that this position of the present plaintiff cannot be maintained. It is not pretended that *Connell* acted otherwise than in good faith. He had instituted a suit previously against another party, for whom it was pretended *McKnight* acted as agent and had failed in that action, and now, having instituted suit against *McKnight*, as principal, it was supposed the answers of the latter might disclose another party responsible to the plaintiff for the paving, the ground of the indebtedness.

The cause had been put at issue previously, and the object of filing interrogatories was to procure proof, and was not to bring the party into court. The consent to a continuance, and the declaration of counsel that he would amend and propound interrogatories, were not an agreement which bound the party to amend if he subsequently found that he had sufficient proof without, and when, therefore, he propounded his interrogatories, he was not complying with an agreement without which he could not have been permitted to obtain judgment. It was precisely as if he had declared that he would take the deposition of a witness and a continuance had been consented to in order to enable the party to do so. It might not be very honorable to decline afterwards to take the deposition, but such consent could not be considered a binding condition, precedent to the recovery of judgment.

When *Connell*, therefore, procured the order of the court on the 11th day of November, to take the interrogatories as confessed, he was acting in good faith, and in enforcing what appeared to him and the court as an undoubted right.

The case being at issue, it was then properly set for trial, and posted up for two weeks in conformity with the rules of the court. It was the duty of *McKnight*, if he had any objections to make, to appear and make them before or at the trial in December, and not doing so, if he has suffered any detriment, it has been the result of his own negligence. A party acting in good faith cannot be deprived of a judgment on such grounds.

In conclusion, we take occasion to remark, that a deputy Sheriff who has not made the service of a petition and citation or other proceeding, has no authority to make the return, and that the conduct of the two deputy Sheriffs in this instance, is deemed by the court unwarranted in law.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and we do now order, adjudge and decree, that the injunction sued out in this case be dissolved, and plaintiff's demand be rejected, and that said *Thomas McKnight*, and *Joseph West*, his surety, be condemned, *in solido*, to pay three per cent. interest per annum on the sum of $337 80

<div style="float:left">McKNIGHT<br>v.<br>McCONNELL.</div>

from the 15th day of February, 1858, until this decree becomes executory, and fifty dollars damages, for the wrongful issuing of the injunction, and that the said plaintiff pay the costs of both courts.

BUCHANAN, J., concurring. I concur in the decree in this cause, being of opinion that the petition and the evidence do not present a case for the action of nullity of a judgment, under Arts. 606 and 607 of the Code of Practice.

There is no allegation, and no proof, of the judgment having been obtained through fraud or ill practices on the part of the party (*Connell*) in whose favor it was rendered. C. P. 607.

The want of service of the interrogatories on *McKnight*, was not one of those vices of form which give rise to the action of nullity ; and which are enumerated in Art. 606 of the Code of Practice. None of the cases quoted in plaintiff's brief cover the present. In one, *Norris* v. *Fristoe*, 3 An., which goes the farthest towards extending the action of nullity, it was held that the party complaining cannot be relieved, if he has been guilty of any laches or negligence. Now, it is admitted in argument, and appears from the record, that the case of *Connell* v. *McKnight*, was regularly fixed for trial and tried in December, 1857, and that the defendant therein, plaintiff here, was not present in person or by counsel.

This is certainly imputable to him as *laches*,—moreover, it does not appear that the interrogatories, which had been taken *pro confessis*, by an order of court, rendered a month previously to the trial, were offered in evidence by *Connell ;* and, indeed, if they had been, it is doubtful, as suggested by one of plaintiff's counsel, whether the implied confession of their truth would not have been favorable to *McKnight's* cause, instead of prejudicial to it. The other evidence taken on the previous trial, and copied in the record, appears to me amply sufficient to justify the judgment of *Connell* v. *McKnight*, without taking the interrogatories into account. Be that as it may, plaintiff's remedy was by appeal alone, at least as far as *Connell* is concerned.

I see no reason for questioning the entire fairness and correctness of the conduct of *Connell* and of his counsel. It is, therefore, not against good conscience to execute the judgment.

COLE, J., concurs in this opinion.